IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LATASHA LOPER, | ) CASE NO. 1:18 CV 1598 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| CUYAHOGA COUNTY CHILDREN AND FAMILY SERVICES, | ) |
| | ) MEMORANDUM OPINION |
| Defendant. | ) AND ORDER |

*Pro se* Plaintiff Latasha Loper ("Loper" or "Plaintiff") filed a Complaint (Docket #1) against defendant Cuyahoga County Children and Family Services ("CCCFS" or "Defendant") pursuant to 42 U.S.C. § 1983 and § 1986, and alleging discrimination pursuant to "42 U.S.C. § 2000(d)(e)," intimidation, conspiracy, lack of jurisdiction, and procedural and substantive violations of Defendant's policy, regulations, and procedures, regarding removal of Plaintiff's son, Corey, from her custody. (Docket #1 at 2). Plaintiff asks this Court to investigate Defendant for misconduct, to reprimand and remove staff, and for $10 million dollars in punitive damages for mental anguish. (*Id.* at 6-7).

Also before the Court is Plaintiff's motion to proceed with this action *in forma pauperis* (Docket #2). That motion is granted.

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff's allegations in the Complaint are somewhat difficult to follow. Plaintiff claims that in May 2018, Jasmine Ransom ("Ransom") was assigned to "assess and investigate" matters regarding Plaintiff's son pursuant to the authority of the Juvenile Court. Plaintiff states that she lives in Maryland, and that Ransom and her supervisor, Ms. Chapman, told Plaintiff that they "did not want to proceed" because they did not see neglect and CCCFS did not have jurisdiction because Plaintiff lives outside of Ohio. According to the Complaint, Ransom and Chapman informed Judge Floyd that CCCFS did not have jurisdiction over this matter.

Plaintiff claims that her son was being held for misdemeanor theft and Plaintiff did not attend his court hearing in Cuyahoga County on June 15, 2018, because of the hardship of traveling from Maryland to Cleveland with her toddlers. Plaintiff alleges that because she was absent at the hearing, Judge Floyd made an "abrupt decision" to give CCCFS custody of her son.[1] (*See* Docket #1-1). Loper claims that the court and Ransom seized her son Corey in violation of the "regulations of jurisdiction" and the Fourth and Fourteenth Amendments of the Constitution. Plaintiff alleges that Ransom and Chapman falsified information about her concerning abuse and neglect, and raised an "unfounded history" of Plaintiff's mental health.

Loper states that she refused to sign certain unnamed documents, and "the retaliation of creating this case got worse." Plaintiff claims that Ransom and Chapman put in place a "facetious" and "inappropriate" plan of action regarding Corey's custody that would have overwhelmed Plaintiff and her son, and that CCCFS has failed to help her and her son "bond or

---

[1]  To the extent that Plaintiff is asserting a claim against Judge Floyd, that claim is dismissed because Judge Floyd is absolutely immune from suit and the Complaint contains no allegations from which this Court can infer that any exceptions apply to that immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

collaborate to establish steps to bring us to a familiar understanding of placing Corey back into my custody." Plaintiff pursued administrative remedies through Deputy Supervisor Darrell Harris ("Harris"), but he did not return her telephone calls. (*See* Docket #1 at 2-6).

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or lacks an arguable basis in law or fact. In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

The plausibility standard is not equivalent to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)).

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996)). That said, the courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Plaintiff's Complaint refers to, and attaches, two exhibits in support of her allegations. "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court will, therefore, consider Plaintiff's exhibits. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015) ("The federal rules treat [exhibits attached to the complaint] as part of the pleadings.").

### B. Analysis

#### 1. Plaintiff fails to state a claim against CCCFS

As an initial matter, Defendant CCCFS is a department or agency of Cuyahoga County, and is not *sui juris* and cannot be sued in its own right. *See Pulse v. Gale*, No. 3:16 CV 91, 2016 WL 1704312, at *2-3 (N.D. Ohio Apr. 27, 2016) (Erie County Adult Probation Department is not *sui juris* and cannot be sued in its own right) (collecting cases); *Wilson v. Trumbull Cty. Dep't of Job & Family Servs.*, No. 4:12 CV 02163, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (finding that "numerous district courts" have found that county agencies are not *sui juris*, and granting motion to dismiss of defendant Trumbull County Adult Protective Services because the

county agency lacks the capacity to be sued) (collecting cases); *Marin v. Cleveland Clinic*, No. 1:09CV2090, 2010 WL 359699, at *4 (N.D. Ohio Jan. 29, 2010) (Cuyahoga County Department of Senior and Adult Services and the Cuyahoga County Department of Job and Family Services are not *sui juris* and lack the capacity to be sued in their own right) (collecting cases); *Lowe v. Hamilton Cty. Dep't of Job & Family Servs.*, No. 1:05CV117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008) (finding Hamilton County Job and Family Services is not *sui juris* and granting defendant's Rule 12 motion).

Because CCCFS lacks the capacity to be sued, Plaintiff fails to state a claim against it upon which relief can be granted and Plaintiff's action against CCCFS is dismissed pursuant to § 1915(e).

### 2. Plaintiff fails to state a claim against Cuyahoga County

To the extent that the Complaint could be construed as asserting a claim against Cuyahoga County, Plaintiff also fails to state a claim. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (Because the McCracken County Jail is a department of the county and is not a legal entity susceptible to suit, the county is the appropriate party to address plaintiff's suit.) (citing *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994)).

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 U.S. 635, 638 (1980) (quoting 42 U.S.C. § 1983). In order to state a plausible § 1983 claim against Cuyahoga County, Plaintiff must identify a County policy or custom that caused Plaintiff's alleged injury as a result of the execution of that policy or custom. *See Jordan v. City*

*of Detroit*, 557 F. App'x 450, 454 (6th Cir. 2014) (citing *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Here, Plaintiff does not allege the existence of any policy or custom of Cuyahoga County concerning the claimed constitutional violations, or that any County custom or policy caused her injuries. Nor is Cuyahoga County liable for the alleged actions of Ransom, Chapman, or Harris under § 1983 pursuant to a *respondeat superior* theory of liability simply because they are County employees. *See Monell*, 436 U.S. at 691.

For these additional reasons, this action is dismissed pursuant to § 1915(e) for failure to state a § 1983 claim upon which relief can be granted.

### 3. Plaintiff fails to state a claim pursuant to 42 U.S.C. § 2000(d) or § 2000(e)

It is unclear as to that nature of Plaintiff's claim under "42 U.S.C. § 2000(d)(e)" (*see* Docket #1 at 2). To the extent she is asserting a violation of 42 U.S.C. § 2000d, she fails to state a claim. Section 2000d *et seq.*, Title VI of the Civil Rights Act of 1964, provides that no person, because of race, color, or national origin, shall be excluded from participating in the benefits of, or subjected to discrimination under, any program or activity receiving federal assistance. In order to state a claim for relief under Title VI, Plaintiff must allege facts indicating that she was intentionally discriminated against on the basis of her race, color, or national origin, and that the "program" or "activity" receives federal funding. *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356-57 (6th Cir. 1996). Even assuming that CCCFS constitutes a program or activity within the meaning of the statute for the purpose of this analysis, Plaintiff does not allege that CCCFS receives federal funding, or allege facts indicating that she was intentionally discriminated against on the basis of her race, color or national origin. To the extent that

Plaintiff is asserting a Title VI claim, she fails to state a plausible claim upon which relief can be granted, and that claim is dismissed pursuant to § 1915(e).

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, prohibits discrimination in employment. The allegations in the Complaint are unrelated to employment. To the extent that Plaintiff is asserting a Title VII claim, she fails to state a plausible claim upon which relief can be granted, and that claim is dismissed pursuant to § 1915(e).

### 4. Plaintiff fails to state claim pursuant to 42 U.S.C. § 1986

Plaintiff alleges a violation of 42 U.S.C. § 1986. Section 1986 creates a cause of action for failing to prevent wrongful acts pursuant to a conspiracy to interfere with a person's civil rights under 42 U.S.C. § 1985. Plaintiff does not allege a cause of action under § 1985. "Where a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986." *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990) (citations omitted). Plaintiff has failed to state a plausible § 1986 claim, and that claim is dismissed pursuant to § 1915(e).

### 5. Plaintiff's state claims are dismissed without prejudice

It is unclear whether Plaintiff is asserting any state law claims. To the extent that she is, the Court, having dismissed all of Plaintiff's federal claims, declines to exercise supplemental jurisdiction over any state claims. *See* 28 U.S.C. 1367(c); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

## III. Conclusion

For the reasons stated herein, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Any state law claims that Plaintiff may be asserting are dismissed without prejudice. Plaintiff's motion to

proceed in forma paupers (Docket #2) is granted. Plaintiff's motion for appointment of counsel (Docket #3) is moot, and denied as such.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: April 15, 2019